### J. B. FRANKLIN v. THE STATE.

#### No. 967.   Decided February 15, 1911.

#### Intimidation—Indictment—Insufficiency of the Evidence.

Where the indictment charged, and the facts showed, that the State relied upon the acts of defendant in taking from the prosecutor a couple of mules which the latter had taken up for depredating upon his crop and over the protest of the latter, the same showed no violation of Article 600, Penal Code, and the conviction could not be sustained.

Appeal from the County Court of Comanche. Tried below before the Hon. J. M. Rieger.

Appeal from a conviction of intimidating another to prevent him from engaging in lawful employment; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—It was the intention of the Legislature in passing said Act to prevent any person from interfering with the employment of another, etc., and was passed while the country was being disturbed by strikes and white-cappers. The information charges no offense. Luther v. State, 32 Texas Crim.

Rep., 69; Standford v. State, 16 Texas Crim. App., 331; Love v. State, 31 Texas Crim. Rep., 469.

DAVIDSON, Presiding Judge.—Appellant was indicted under article 600 of the Penal Code, Act of 1887, page 13. This Act reads as follows:

"Any person who shall by threatening words or by acts of violence or intimidation, prevent or attempt to prevent another from engaging or remaining in or from performing the duties of any lawful employment, shall be guilty of a misdemeanor, and on conviction thereof shall be punished by fine," etc.

The indictment charges, and the facts show, that the State relied upon the acts of appellant in taking from one Botler a couple of mules which Botler had taken up for depredating upon his crop. Appellant went to the lot of Botler and took the mules away. It is also claimed by the State that there was some act of violence committed by appellant at the time. We are of opinion that the indictment does not charge, nor do the facts show, a violation of the statute quoted. The mules were depredating upon Botler's crop, which was situated in a territory in which the local option stock law was in force. Botler claimed that he had agreed with the son of appellant that he was to have $2.50 as damages done his crop by the mules. Appellant went to Botler's house or stock lot and took the mules away over the protest of Botler, and as Botler says, by the threatened use of violence upon him. We do not understand from these facts that appellant was preventing Botler from engaging or remaining in or from performing the duties of any lawful employment. The statute, above quoted, does not include this character of matter. It has relation to an entirely different matter or matters. Appellant did not undertake to interfere with Botler in his farming business, or in any employment in which he was engaged, and the mere fact that Botler may have had some authority or right to take up stock depredating upon his crop did not constitute that as an employment or business as contemplated by the statute. The statute was enacted as a means of preventing persons from interfering with others who are performing labor or engaging in some lawful business by means of which they were earning a support and maintenance, and was never intended to reach the mere taking up of some loose animals that happened to be depredating upon his crop. There was no attempt to prove that Botler was engaged in the business of impounding mules or that such was his employment.

The Assistant Attorney-General confesses error, and we are of opinion he is correct in so doing.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*