# MEMORANDUM DECISIONS

FRANKLIN v. STATE. (Court of Criminal Appeals of Texas. Feb. 22, 1911.) Appeal from Comanche County Court; J. M. Reiger, Judge. Dell Franklin was convicted of preventing another from engaging in a useful occupation by threats, and he appeals. Reversed and remanded. A. B. Haworth, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This case is a companion case of J. B. Franklin v. State, 134 S. W. 702, from Comanche county, decided by this court on February 15, 1911. A statement of that case, which is here referred to, is also a statement of this. The appellant here is the son of J. B. Franklin in the other case. The transactions were the same, and the testimony substantially the same in each case. The errors complained of in this case are the same as in the other. For the reasons given in the other case, this case is also reversed and remanded.

Ex parte OVERCASH. (Court of Criminal Appeals of Texas. March 8, 1911.) Appeal from District Court, Throckmorton County; Jno. B. Thomas, Judge. W. J. Overcash was arrested on a charge of homicide. He resorted to habeas corpus to obtain bail. On being remanded to custody, he appeals. Reversed. See, also, 134 S. W. 700. J. F. Cunningham, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Relator was arrested, charged with homicide, and resorted to writ of habeas corpus for the purpose of obtaining bail, and upon a hearing he was remanded to custody, and prosecutes this appeal. It is the practice of this court, in matters of this sort, not to discuss the evidence and the weight to be attached thereto. After a careful reading of the statement of facts, we are of opinion that the court was in error, and that relator is entitled to bail. The judgment is reversed, and bail is granted in the sum of $12,000, the bond to be approved by the sheriff of Haskell county.

PARIS v. STATE. (Court of Criminal Appeals of Texas. March 8, 1911.) Appeal from Johnson County Court; J. B. Haynes, Judge. Jim Paris was convicted of aggravated assault, and appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for aggravated assault. The record is before us without a statement of facts or bills of exceptions. There being no error in the record as presented, the judgment is affirmed.

THOMAS v. STATE. (Court of Criminal Appeals of Texas. March 22, 1911.) Appeal from Criminal District Court, Dallas County; Ed. Sewell, Special Judge. John Thomas was convicted of burglary, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary; his punishment being assessed at two years' confinement in the penitentiary. The record is before us without a statement of facts or bills of exceptions. There are some matters set up in the motion for new trial, which are matters of fact relating to things that occurred during the trial, which are not verified in such manner that this court can take notice of same. The judgment is affirmed.

GUSTAVUS v. BALDBRIDGE et al. (Court of Civil Appeals of Texas. March 22, 1911.) Appeal from Milam County Court; John Watson, Judge. Action by John T. Baldbridge and others against C. D. Gustavus and others. From a judgment for plaintiffs, the defendant Gustavus appeals. Affirmed. U. S. Hearrell, for appellant. W. A. Morrison, for appellees.

KEY, C. J. This case was tried in the county court without a jury, and from a judgment in favor of the plaintiff one of the defendants has appealed. All the questions presented in the briefs have been duly considered, and our conclusion is that no reversible error has been shown. Judgment affirmed.

MISSOURI, K. & T. RY. CO. OF TEXAS et al. v. PEERY. (Court of Civil Appeals of Texas. March 9, 1911. Rehearing Denied April 6, 1911.) Appeal from District Court, Cooke County; Clem B. Potter, Judge. Action by S. H. Peery against the Missouri, Kansas & Texas Railway Company of Texas and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed. Garnett & Garnett, for appellants. Potter & Culp, for appellee.

HODGES, J. This suit was instituted by the appellee against the appellant to recover damages for delay in the transportation of a shipment of cattle. There were 10 cars of cattle in all, shipped from St. Jo, Tex., to Chicago, Ill. It is alleged that the cattle were unnecessarily and negligently delayed two days en route, and that by reason of that fact they lost heavily in flesh and market value. Upon a trial before a jury a verdict was rendered in favor of the appellee for $568.25. The only assignments of error presented in appellant's brief complain of the insufficiency of the testimony to support the verdict. It is claimed that the delay was due to high waters and the unavoidable bad condition of the appellant's track resulting from the floods. The testimony offered on the part of the appellant tended to establish that defense in part only. There were delays covering a considerable length of time both at Parsons, Kan., and at Sedalia, Mo., which were not satisfactorily excused. We think the testimony is sufficient to justify the conclusion reached by the jury, and the judgment is accordingly affirmed.

CHESAPEAKE & O. RY. CO. v. MARCUM. (Court of Appeals of Kentucky. March 16, 1911.) Appeal from Circuit Court, Lawrence County. Action by David Marcum against the Chesapeake & Ohio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed. Worthington, Cochran & Browning, for appellant. John W. Woods, for appellee.

NUNN, J. This is the second appeal of this case. The opinion on the first appeal relates all the facts of the case, and may be found in 136 Ky. 245. 124 S. W. 293. On a return of the case to the lower court, it was again tried, and a verdict rendered for $2,000 in favor of appellee. The testimony showed on the first trial, as well as on the last, that the negligence for which appellee sought recovery was committed by his superior, Thomas Blakinship. The first judgment was reversed because the lower court permitted a recovery for the ordinary negligence of the superior, when the recovery should have been confined to the gross negligence. On the last trial, in instruction No. 2 the court said the following to the jury: "And further believe